Amy L. B. Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN LEBHART,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AMSHER COLLECTION SERVICES, INC. f/k/a AMSHER RECEIVABLE MANAGEMENT, INC.,<br><br>　　　　　Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET. SEQ.;**<br>**2. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET. SEQ.**<br>**3. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET. SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

CHRISTIAN LEBHART ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against AMSHER COLLECTION SERVICES, INC. f/k/a AMSHER RECEIVABLE MANAGEMENT, INC. ("Defendant"):

# INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), and the Rosenthal Fair Debt Collection Practices Act, cal. Civ. Code §1788, *et. seq.* ("RFDCPA").

# JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States, and 28 U.S.C. § 1367 which grants this court jurisdiction over related state law claims that part of the same case or controversy.

3. Defendant conducts business in the State of California and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391 (b)(2).

# PARTIES

5. Plaintiff is a natural person residing in Aliso Viejo, California.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C.

§1692a(3) and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a corporation specializing in debt collection with its principal place of business located at 4524 Southlake Parkway, Suite 15, Birmingham, Alabama 35244.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and RFDCPA, Cal. Civ. Code §1788.2(c).

10. The principal purpose of Defendant's business is debt collection.

11. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff as the term is defined by the FDCPA at 15 U.S.C. §1692a(5) and the RFDCPA at Cal. Civ. Code §1788.2(f).

14. Plaintiff does not have any business debts, so the debt that Defendant has been contacting Plaintiff about could only have been incurred for personal,

family, or household purposes.

15. On information and belief, the alleged debt originated from student loans, and arose out of transactions which were primarily for personal, family, or household purposes.

16. Beginning in or around August 2015 and continuing through October 2017, Defendant's representatives placed repeated harassing debt collection calls to Plaintiff's cellular telephone.

17. Defendant's telephone calls were not for "emergency purposes," but were made for debt collection purposes.

18. Defendant's harassing debt collection calls derived from numbers including, but not limited to, 855-894-1090. The undersigned has confirmed that this number belong to Defendant.

19. When contacting Plaintiff, Defendant used an automatic telephone dialing system and/or automatic and/or pre-recorded messages.

20. Plaintiff knew Defendant was using an automatic telephone dialing system and/or automatic and/or pre-recorded messages as there would be a noticeable silence or delay with no caller on the phone before a live representative came on the line.

21. Shortly after calls started in or around August 2015, Plaintiff first told Defendant to stop calling, thereby revoking any consent, if any, Defendant may

- 4 -

have had or thought it had to call.

22. However, Defendant ignored Plaintiff's request and continued to call him repeatedly through October 2017

23. Once Defendant was aware that its calls were unwanted any further calls could only have been placed for the purpose of harassment.

24. Many of these calls came to Plaintiff during inconvenient times, such as before 8:00am and after 9:00pm.

25. Plaintiff found Defendant's repeated calls to be invasive, harassing, frustrating, annoying, aggravating, stressful, and upsetting.

26. Upon information and belief, Defendant conducts business in a manner which violates the Fair Debt Collection Practices Act and Telephone Consumer Protection Act.

### COUNT I
### DEFENDANT VIOLATED § 1692c(a) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

27. A debt collector violates section 1692c(a) of the FDCPA by communicating with a consumer in connection with the collection of any debt -- (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient

time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.

28. Defendant violated section 1692c(a) of the FDCPA when it called Plaintiff before 8:00am and/or after 9:00pm between February 2017 and October 2017.

## COUNT II
## DEFENDANT VIOLATED § 1692d OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

29. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

30. Defendant violated § 1692d of the FDCPA when it placed repeated harassing telephone calls to Plaintiff between February 2017 and October 2017 knowing that its calls were unwanted.

## COUNT III
## DEFENDANT VIOLATED § 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

31. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation

repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number..

32. Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff between February 2017 and October 2017 knowing that its calls were unwanted.

## COUNT IV
## DEFENDANT VIOLATED
## THE TELEPHONE CONSUMER PROTECTION ACT

33. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system and/or artificial or pre-recorded voice.

34. Defendant's calls to Plaintiff were made to collect money, not for "emergency purposes."

35. After Defendant was told to stop calling, Defendant knew or should have known it did not have consent to call and/or that any consent it thought it had was revoked.

36. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively, fraudulently, and absent bona fide error, lawful right, legal defense, legal justification, or legal excuse.

37. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual, and treble damages.

**COUNT V**
**DEFENDANT VIOLATED THE**
**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

38. Section 1788.17 of the California Civil Code mandates that every debt collector attempting to collect a consumer debt shall comply with § 1692b through § 1692j of the FDCPA.

39. Defendant violated Cal. Civ. Code § 1788.17, when it violated the FDCPA for the reasons set forth in this Complaint.

WHEREFORE, Plaintiff, CHRISTIAN LEBHART, respectfully prays for a judgment as follows:

　　a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

　　b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

　　c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

    d.  All actual damages, statutory damages, reasonable attorney's fees and costs, and any other litigation costs incurred by Plaintiff pursuant to the RFDCPA at Cal. Civ. Code § 1788.17;

    e.  Statutory damages of $500.00 per telephone call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

    f.  Statutory damages of up to $1,500 for each call in violation of the TCPA, pursuant to 47 U.S.C. §§ 227(c)(5)(B) and 227(c)(5)(C);

    g.  Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

    h.  Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, CHRISTIAN LEBHART, demands a jury trial in this case.

|   |   |
|---|---|
| | RESPECTFULLY SUBMITTED, |
| DATED: February 19, 2018 | KIMMEL & SILVERMAN, P.C.. |
| | By: /s/ Amy L. Bennecoff Ginsburg |
| | Amy L. B. Ginsburg(275805) |
| | Kimmel & Silverman, P.C |
| | 30 East Butler Pike |
| | Ambler, PA 19002 |
| | Telephone: (215) 540-8888 |
| | Facsimile (215) 540-8817 |
| | Email: aginsburg@creditlaw.com |
| | Attorney for Plaintiff |